Howry, J.,-
delivered the opinion of the court: •
This is a claim based upon section 1703 of the Revised Statutes and the. consular regulations made in pursuance thereof for one-half salary covering periods of duty performed bjr claimant 'of the office of consul-general at Lisbon, in the Kingdom of Portugal. The services are alleged to have been rendered at different times from'September 28,Í883, to March 28, Í890, inclusive.
. The case has ..been argued .for claimant on the theory that • it presents no-question on the merits that distinguishes it from Boyd v. United States (31 C. Cls. R., 158), affirmed by- the Supreme Court in Eaton v. United States (169 U. S. R., 331); and upon the further proposition that the absence of the ministers resident and consul,s-general being shown unaccompanied *3 by waiver, or release from the vice-consul-general of that part of the compensation allowed by law in the absence of the consuls-general, plaintiff is consequentljT entitled to judgment.
But it appears that while there is no proof of waiver or release on the part of the vice-consul-general to the half compensation now claimed, there is proof that for the time of the alleged services rendered by claimant the consuls-general were duly paid their full salaries by the United States. This in itself does not afford sufficient reason for saying that the Government having paid the onty salary authorized to be paid can not be made to pay it again inasmuch as the payment to one not authorized to receive it affords no defense to the claim of one showing himself rightfulty entitled to it. The fact of payment to the consuls-general through a series of years, however, is a circumstance to be considered in determining the question of an agreement under the consular regulations.
These regulations, prescribed by the President in pursuance of section 1703 of the Revised Statutes, covering the times of the performance of all the services claimed, are as follows:
“171. The compensation of a vice-consul-general, vice-consul, or a vice-commercial agent is provided for only from that of the principal officer. The rules in respect of his compensation are as follows, viz:
“ 1. In case the principal officer is absent on leave for .sixty days or less in any one calendar year, and does not visit the United States, the vice-consular officer acting -in his place'is entitled to one-half of the compensation of the office from the date of assuming its duties, unless there is an agreement for a different rate, the principal officer receiving the remáindér. And after the expiration of the sixty days of after the expiration of the principal’s leave of absence (if- leás than sixty days), the vice-consular officer is entitled to the full- compensation of the offices.
“2. And if the principal visits the United States on such leave and returns to his post, the foregoing’rule will include the time of transit both from and to his post, as explained in paragraph 460. But if the principal does not re'turn to Ms post,'either because-of resignation or otherwise, the rule will embrace only the time of absence, not exceeding sixty days, together w-itli the time of. transit from his post to his residence in the United States.”
*4 While the services claimed for were being- rendered the rules of the Treasury Department did not require a waiver or release from the vice-consul to the half salary in cases of absence of the consuls-g-eneral. The present practice was not applied because the distinction was not observed between the law and regulations governing the compensation of vice-consuls-general and that of secretaries of legation when charg'd d’affaires ad interim. Whatever the reason, the failure to require a waiver or release alone did not make the Government liable to the vice-consul, as suggested by the opinion of the. Comptroller which appears in the record, because an undisclosed agreement, if established, between the principal and the vice-consul would, operate as effectively as a waiver or release. This is indeed recognized by the claimant to the extent of his request for a finding that no agreement waiving the statutory compensation was made by him with the principal officer.- It also leaves without application his contention that on the merits of the case every question is settled in his favor by the decisions in Boyd and Eaton (supra). No question of a private agreement for compensation arose in those cases.
The actual payments to plaintiff by the United States during the time covered by this demand for his services as vice-consul-general amounted to $3,1(50.84, and as rent for the building used for an office for the legation and consulate, $5,667.24. Besides these amounts there was paid to him bjr wajr of salary as legation clerk an- amount nearty equal to $7,000 additional. During the lives of the ministers resident plaintiff made no claim for pay, except for an excess of sixty days’ absence, and there was no time lost in making charge for this excess. His demands as they accrued were promptly presented and paid,, except as to the items of the present claim; It is true that the law recognizes the difficulty in the way of the presentation of a claim on the part of a person residing- in foreign parts, and provides that the statute of limitations shall not run during the time of such absence. But it is not in contravention of the policy established by section 1069, Revised Statutes, to determine from testimony and circumstances whether something has not arisen to supersede a claim altogether. While it is true courts can not make *5 agreements for parties, it is also true that their acts and conduct may be such as to leave no room to doubt that one w'as made.
It clearly appears that plaintiff received salary at the rate of $1,000 per annum as clerk to the legation. The inference is equally clear that this salary was paid by each one of the ministers resident from his own private funds for the reason that the Government did not pay for his services as clerk. The amounts allowed by law for clerk hire at the consulate was paid to and receipted for by other persons. The vital inquiry then is whether this salary was paid to plaintiff for the services claimed in lieu of the amounts he could have received from the Government during the periods of absence of his respective principals if no understanding existed between them.
The fact that for some services performed plaintiff obtained payment of one-half of the consul-general’s salaiy from the Government is urged as a reason why the salary received from the private funds of the ministers as clerk was not intended to cover their periods of absence for the time now claimed. But no accounts were rendered for the particular services covered by the present claim within a reasonable time, and none were presented during the lifetime of the principals save one. Plaintiff is unfortunate if he had meritorious claims not to have presented them to the Treasury during the life of these principals except one, and yet more unfortunate in not being able to make available the testimony of that one by reason of his death since the action was begun. There were several of these principal officers. They each drew the salary provided by law for the time now claimed. Plaintiff was in intimate business relations with each of them the whole time. He was in their employ and receiving compensation direetty from them for services of some kind. He must have known that they were drawing the pay provided by the Government for the services as they were rendered. It is not reasonable to suppose that the deceased consuls-general were presenting accounts which they were not of right entitled to present and drawing the pay which they were not in law and morals entitled to collect. We can not ascribe to them in the face of the admitted dealings between *6 the parties the wrong resulting’from the conclusion that an agreement did not exist. The court is not satisfied with the attempted explanation that the accounts were not presented during the life of the consuls-general because the-said accounts were overlooked. Nor does that statement sufficient-^ explain the presentation of a claim for full pay. The abandonment of so material a part of the original demand tends to dizninish the value of what remains as a meritorious claim.
We think there was an agreement, and because of that, and for the reasons abewe stated, plaintiff' should not be allowed to recover.
It is not necessary at the present time to kiy down any general rule in cases where a vice-consul claims compensation for services alleged to have been rendered by him during the time covered bjr the accounts of the consul-general where the latter appears to have rendered the services and to have received the salary for the same period. It is a question worth}' of consideration, however, should such a case arise (even where all the parties are living), whether the Government can be held to have iiaid in its own wrong to the consul-general if the vice-consul withholds his accounts and permits the accounting officers to make settlement with the consul-general in the meantime.
Petition dismissed.